Mr. Chief Justice ShARkey
delivered the opinion of the court.
Nash, the defendant in error, recovered judgment against one William G. Sims, in his lifetime, which after his death was revived against his executor, the plaintiff in error, and execution issued thereon, which was returned nulla bona. This scire facias was then brought, suggesting a devastavit, to have execution against the executor out of his own proper goods and chattels. He made default and final judgment was taken against him for the amount of the former judgment and costs, and execution issued to be levied of the proper goods and chattels of the plaintiff in error. The regularity of this proceeding presents the main question to be considered.
A full exposition of the doctrine on this subject, may be found in 1 Saunders’s Reports, 219, note, 181. In England, different rules of practice prevailed at different times, in different courts. In the Ring’s Bench, the sheriff in an execution against an executor might return a devastavit, but in the common pleas he was required *272 to inquire by a jury whether a devastavit had been committed, and both courts ultimately settled down on the practice of incorporating fieri facias, inquiry and scire facias in the same process, called a scire facias inquiry, by which the sheriff was required to levy the goods of the testator or intestate; but if not to be had, and it should appear by the finding of a jury, that a devastavit had been committed, then he was commanded to levy of the proper goods of the administrator. Notwithstanding this is said to be the most usual practice, yet it is said to be regular to sue out a scire facias on a judgment against an administrator or an executor, and obtain an award of execution de bonis propriis. The proceeding in the present case- is in pursuance of this practice, and seems to me to be without objection. The judgment was revived, and the executor made a party, and he could have had all the benefits by plea to the scire facias, that he could have had in any other action. It was in the nature of an original action against him, predicated on the judgment against his testator, and he could have discharged himself from liability by showing his defence if he had any. But this judgment is erroneous in one particular. There should have been proof oí the devastavit. The allegations and suggestions in the scire facias, are not of themselves sufficient to justify a judg-. ment by default final, and it appears by the record, that the judgment was taken without any evidence whatever, and without a jury to determine the fact. No writ of inquiry was necessary to determine the amount of damages. That was fixed by the previous judgment. . .
Judgment reversed and venire de novo awarded.